IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM FOSTER,

    Petitioner,                      No. 2:11-cv-2243 KJN P

    vs.

RANDY GROUNDS, Warden,

    Respondent.                    <u>ORDER</u>

    _____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Although petitioner filed his claims on the form for filing an application for a writ of habeas corpus, petitioner challenges the denial of religious freedom and alleges a violation of procedural due process. (Dkt. No. 1 at 3.) It appears petitioner's claims may more appropriately be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983. However, because petitioner challenges actions taken at the Correctional Training Facility in Soledad, California, this action is not properly filed in this district.

        The federal venue statute requires that a civil action, other than one based on

---

[1] The petition is addressed to the California Court of Appeals for the Sixth Appellate District. (Dkt. No. 1.) Petitioner is advised that he mailed this petition to federal court, not the state court of appeals.

1

1  diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all
2  defendants reside in the same State, (2) a judicial district in which a substantial part of the events
3  or omissions giving rise to the claim occurred, or a substantial part of property that is the subject
4  of the action is situated, or (3) a judicial district in which any defendant may be found, if there is
5  no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).
6      In this case, the respondent is located and the claim arose in Soledad, Monterey
7  County, California, which is in the Northern District of California. Therefore, petitioner's claim
8  should have been filed in the United States District Court for the Northern District of California.
9  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the
10 correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.
11 1974).
12     Accordingly, IT IS HEREBY ORDERED that:
13     1. Petitioner has not paid the filing fee or filed an application to proceed in forma
14 pauperis; and
15     2. This matter is transferred to the United States District Court for the Northern
16 District of California.
17 DATED: September 2, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

21 fost2243.108